IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIHRETU BULTI DASISA,

        Plaintiff,

vs.

CALIFORNIA STATE UNIVERSITY
BOARD OF EDUCATION (TRUSTEE),

        Defendant.
_____/

No. CIV S-06-2750 LKK EFB PS

ORDER

This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), and 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request is granted. 28 U.S.C. § 1915(a).

Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

1  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams*, 490
2  U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984)*; Jackson v.*
3  *Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

4  A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is
5  no set of supporting facts entitling plaintiff to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73
6  (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log*
7  *Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this
8  standard, the court must accept as true its allegations, *Hospital Bldg. Co. v. Rex Hosp. Trustees*,
9  425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all
10 doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 ( 1969).

11 Pro se pleadings are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21
12 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
13 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma
14 pauperis is entitled to notice and an opportunity to amend before dismissal.  *See Noll v. Carlson*,
15 809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230.

16 The complaint is nearly incomprehensible.  The court cannot determine whether it can be
17 amended to state a claim.  Based on the vague and conclusory allegations contained in the
18 complaint, it appears that plaintiff alleges claims related to the cancellation of student financial
19 aid at California State University.  Plaintiff also appears to allege gender discrimination by the
20 defendant in violation of Title IX of the Civil Rights Act of 1964.  Plaintiff has attached as an
21 exhibit to the complaint a memorandum opinion from the United States District Court for the
22 District of Columbia wherein it was determined that the named defendant in this action is
23 entitled to sovereign immunity from non-federal claims arising out of the cancellation of
24 plaintiff's student aid.  *See* Exhibits to Complaint, Memorandum Opinion, Civil Action No. 05-
25 ////
26 ////

807 (D.D.C. Oct. 24, 2005).[1]  The court cannot discern how this present action differs from the one filed with the district court in the District of Columbia, nor how this action can escape a similar fate, i.e., dismissal.

The court also finds that the complaint fails to comply with Fed. R. Civ. P. 8(a)(2), in that it does not contain a short and plaint statement of plaintiff's claims showing entitlement to relief. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must state the elements of the claim sufficient to put defendants fairly on notice of the claims against them. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Because the complaint fails in this respect, it must be dismissed for this reason as well.  However, consistent with the court's liberal construction of pro se pleadings, the court will grant plaintiff leave to amend the complaint to provide her an opportunity to correct these deficiencies, if they can be corrected at all.

If plaintiff chooses to file an amended complaint, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  The local rules require that an amended complaint be complete in itself.  *See* E. D. Cal. L. R. 15-220.  This is because, as a general rule, an amended complaint supersedes the original complaint. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

////

---

[1] The court also notes that plaintiff filed an apparently identical action with this court in 2005: *Mihretu Bulti Dasisa v. California State University*, case no. Civ-S-05-2260 GEB KJM PS.  That action was dismissed.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (A court may take judicial notice of its own records,).

3

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted;

2. Plaintiff's complaint is dismissed with leave to amend; and,

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without further leave to amend.

DATED: January 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4