IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIHRETU BULTI DASISA,

      Plaintiff,

vs.

CALIFORNIA STATE UNIVERSITY BOARD OF EDUCATION (TRUSTEE),

      Defendant.

_____/

No. CIV S-06-2750 LKK EFB PS

FINDINGS & RECOMMENDATIONS

This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), and 28 U.S.C. § 636(b)(1). On January 22, 2007, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. That same order dismissed the complaint with thirty days leave to amend.

Plaintiff has filed an amended complaint and a new (and unnecessary) application to proceed *in forma pauperis.* This court's January 22, 2007, order set forth the deficiencies of plaintiff's originally filed complaint and cautioned that failure to amend the complaint in accordance with that order would result in a recommendation that the action be dismissed. Plaintiff has failed to correct the deficiencies of the original complaint. The court therefore recommends that the action be dismissed.

////

In the court's January 22, 2007 order, it explained that due to plaintiff's vague and nearly incomprehensible allegations, it was unable to discern whether the complaint could be amended to state a claim:

> The complaint is nearly incomprehensible. The court cannot determine whether it can be amended to state a claim. Based on the vague and conclusory allegations contained in the complaint, it appears that plaintiff alleges claims related to the cancellation of student financial aid at California State University. Plaintiff also appears to allege gender discrimination by the defendant in violation of Title IX of the Civil Rights Act of 1964. Plaintiff has attached as an exhibit to the complaint a memorandum opinion from the United States District Court for the District of Columbia wherein it was determined that the named defendant in this action is entitled to sovereign immunity from non-federal claims arising out of the cancellation of plaintiff's student aid. *See* Exhibits to Complaint, Memorandum Opinion, Civil Action No. 05-807 (D.D.C. Oct. 24, 2005).[1] The court cannot discern how this present action differs from the one filed with the district court in the District of Columbia, nor how this action can escape a similar fate, i.e., dismissal.

Plaintiff's amended complaint fails to clarify the purported claims against defendant. The amended complaint also fails to offer a comprehensible explanation for the difference between the present action and the one initiated in the District Court for the District of Columbia. In fact, plaintiff again attaches a copy of the Memorandum Opinion in Civil Action No. 05-807 (D.D.C. Oct. 24, 2005) to the amended complaint, and specifically states that the "amended complaint <u>is not</u> different from the one filed with U.S. District of Columbia." *See* First Amended Complaint ("FAC"), at p. 5 (emphasis in original).

In its January 22, 2007 order, this court also noted that:

> [T]he [original] complaint fails to comply with Fed. R. Civ. P. 8(a)(2), in that it does not contain a short and plaint statement of plaintiff's claims showing entitlement to relief. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must state the elements of the claim sufficient to put defendants fairly on notice of the claims against them. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Because the complaint fails in this respect, it must be dismissed for this reason as well. However, consistent with the court's liberal construction of pro se pleadings, the court will

---

[1] The court again notes that plaintiff filed an apparently identical action with this court in 2005: *Mihretu Bulti Dasisa v. California State University*, case no. Civ-S-05-2260 GEB KJM PS. That action was dismissed.

1       grant plaintiff leave to amend the complaint to provide her an opportunity to
correct these deficiencies. . . .

2

3 The amended complaint fails to correct these deficiencies still does not comply with Fed. R. Civ.

4 P. 8 in that it contains no short and plain statement showing plaintiff is entitled to relief.

5       In the amended complaint, to the extent it can be understood, plaintiff appears to

6 challenge the decision of the district court in the District of Columbia. This court has no

7 jurisdiction to review the decision of the district court for the District of Columbia. *Swint v.*

8 *Chambers County Comm'n*, 514 U.S. 35, 42 (1995) ("By statute, federal courts of appeals have

9 jurisdiction of appeals from all final decisions of the district courts, except where direct review

10 may be had in the Supreme Court of the United States.") (citations omitted). Defendant also

11 states that "Sacramento Campus Board of Education, its agencies violated Federal Question

12 1331 statute out of motives of discrimination." FAC, at p. 4. Although 28 U.S.C. § 1331

13 confers "federal question"jurisdiction on the district courts, it does not provide or establish a

14 cause of action. It simply confers jurisdiction to resolves cases in which the cause of action

15 arises under the laws, treaties or constitution of the United States. Plaintiff has not pleaded any

16 such cause of action here.

17       Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if

18 it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

19 state a claim on which relief may be granted, or seeks monetary relief against an immune

20 defendant. Because plaintiff has failed to amend the complaint to state a claim, the court

21 RECOMMENDS that this action be dismissed.

22       These findings and recommendations are submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10)

24 days after being served with these findings and recommendations, any party may file written

25 objections with the court and serve a copy on all parties. Such a document should be captioned

26 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1 shall be served and filed within ten (10) days after service of the objections. The parties are
2 advised that failure to file objections within the specified time may waive the right to appeal the
3 District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
4 951 F.2d 1153, 1157 (9th Cir. 1991).

5 DATED: March 12, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4