IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIHRETU BULTI DASISA,

       Plaintiff,                        No. CIV S-06-2750 LKK EFB PS

      vs.

CALIFORNIA STATE UNIVERSITY
BOARD OF EDUCATION (TRUSTEE),

       Defendant.               <u>ORDER</u>

          Plaintiff has filed a document entitled "Motion for Relief from Judgment Entered on May 7, 2007 pursuant to Fed. R. Civ. P. 60." Plaintiff appears to seek relief from this court's May 8, 2007, order adopting the magistrate judge's findings and recommendations filed March 13, 2007, and dismissing the action for failure to state a claim.

          Plaintiff also requests what he describes as a "full house jury hearing to administrative judge court to decide trial court of District of Columbia" pursuant to Fed. R. Civ. P. 38. Plaintiff appears to argue that the district court for the District of Columbia is the proper court to hear his claims, and seems to claim that this action was either transferred to or from that district. As addressed in this court's May 8, 2007, order, this case was originally filed in this district by plaintiff. It has not been transferred to or from the District of Columbia. Rule 38, which addresses the right to and demand for a jury trial, does not provide for the relief plaintiff

1

apparently seeks. Plaintiff's request for a hearing or a jury trial in the district court for the District of Columbia is therefore denied.

To the extent plaintiff's motion can be construed as one for relief from judgment pursuant to Fed. R. Civ. P. 60, it is also denied.

Rule 60(b) allows a party to seek relief from a final judgment and to request reopening his case under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Gonzalez v. Crosby, 545 U.S. 524, 527 (2005). The rule provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," Klapprott v. United States, 335 U.S. 601, 614-15, 69 S. Ct. 384, 390 (1949), but should only be applied in "extraordinary circumstances." Ackermann v. United States, 340 U.S. 193, 198-199, 71 S. Ct. 209, 212 (1950). Rule 60(b) should be used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment," and will "normally not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." Id.

Here, although it is difficult to discern the point pressed by plaintiff's filings, he seems to claim that this court lacked jurisdiction to decide this action, and he appears to request that the order dismissing the case be set aside. He asserts that the district court for the District of Columbia is the proper court for hearing his claims and requests a hearing there. Again, this case was originally filed in this district by plaintiff, and, contrary to plaintiff's confusion over the matter, it has not been transferred to or from the District of Columbia. Plaintiff presents no coherent argument or grounds as to why the May 8, 2007, dismissal of this case should be vacated.

////

1   In accordance with the foregoing, IT IS HEREBY ORDERED that plaintiff's
2 May 16, 2007, motion is denied.
3 DATED: July 5, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3